**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

CASSANDRA MEDINA,

       Plaintiff,

v.                                                            No. CIV 06-877 BB/DJS

JICARILLA APACHE HOUSING AUTHORITY,

       Defendant.

MEMORANDUM OPINION
AND
ORDER DISMISSING COMPLAINT

       THIS MATTER is before the Court on Defendant's *Motion to Dismiss* [doc. 4] Plaintiff's complaint. The Court having read the briefs, reviewed the law, entertained oral argument on January 4, 2007, and being fully informed, concludes the *Motion* must be Granted.

       Plaintiff brings the present action premising federal question jurisdiction on 42 U.S.C. § 2000 subparagraphs d and e as well as 28 U.S.C. § 2201. These statutes do not provide this Court jurisdiction over an Indian Tribe or its agencies.

*Discussion*

*Facts and Procedural History*

       Plaintiff, a non-Indian, was terminated in 1994 as the executive director of the Jicarilla Apache Housing Authority ("JAHA") in order to fulfill the Tribe's Indian preference hiring policy. Plaintiff followed the JAHA grievance policy and asked for and received a hearing

from the JAHA Board of Commissioners in 1995.  The Board affirmed the termination.  She then filed a complaint in this Court, which Judge Hansen dismissed under the Indian abstention doctrine enunciated in *National Farmers Union Insurance Company v. Crow Tribe of Indians*, 471 U.S. 845 (1985).  *See* Order in *Medina v. Jicarilla Apache Hous. Auth.*, No. CIV 95-0400 (D.N.M. Jan. 16, 1996).  Plaintiff subsequently filed a complaint in the Jicarilla Apache Tribal Court, where her case was heard on the merits in 1998.  However, the judge who heard the case did not render a decision before leaving his position.  Six years later, his replacement rendered a decision in favor of Plaintiff and awarded her substantial damages.  The JAHA appealed to the Jicarilla Court of Appeals which reversed the judgment holding that "as a tribal agency, JAHA enjoys the same sovereign immunity from suit that is afforded the Nation."  *Jicarilla Apache Housing Auth. v. Medina*, No. CV 96-10591, Appeal No. 2005-R-176-05 p. 19 (Jicarilla Apache Nation Ct. App. May 9, 2006).  That Court also rejected Plaintiff's arguments that JAHA waived its sovereign immunity by (1) contracting with the United States Department of Housing and Urban Development or (2) including a "sue and be sued" clause in the tribal ordinance authorizing the JAHA, since Plaintiff had no contract which authorized a suit.

I.      *Title VI of the Civil Rights Act of 1964,*
        *42 U.S.C. § 2000d does not apply*

        Title VI of the Civil Rights Act broadly prohibits discrimination.  However, it does not expressly <u>include</u> tribes or tribal entities within its parameters.  In *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1462-3 (10th Cir. 1989), the Tenth Circuit held application of 42 U.S.C. § 2000d to prohibit a tribe from using race as a basis for tribal membership "would

2

constitute an unacceptable interference with a tribe's ability to maintain itself as a culturally and distinct entity."  892 F.2d at 1463.  The same rationale applies to a tribal employment policy giving preference to tribal members. *Cf. Morton v. Mancari*, 417 U.S. 535, 547-8 (1974) (Indian preference is not racial preference).

**II.      *Title VII of the Civil Rights Act of 1964,
          42 U.S.C. § 2000e does not apply***

Plaintiff also relies upon Title VII of the Civil Rights Act, which prohibits discrimination in employment, as a basis for federal question jurisdiction.  However, 42 U.S.C. § 2000e(b)(1) and 42 U.S.C. § 2000e-2(i) "specifically exempt[] Indian tribes from compliance with the prohibition against discriminatory discharge from employment."  *Wardle v. Ute Indian Tribe*, 623 F.2d 670, 673 (10th Cir. 1980); *see also Duke v. Absentee Shawnee Tribe of Okla. Hous. Auth.*, 199 F.3d 1123, 1126 (10th Cir. 1999).

**III.     *The Declaratory Judgment Act,
          28 U.S.C. § 2201 does not create federal question jurisdiction***

Jurisdiction is not created by 28 U.S.C. § 2201, but must exist independently of the Declaratory Judgment Act. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir.  1996); *Chandler v. O'Bryan*, 445 F.2d 1045, 1054 (10th Cir. 1971).  Moreover, even if this Act applied, the Court would have to evaluate several factors in determining whether to grant a Declaratory Judgment, and the facts contained in initial pleadings in this case makes that result unlikely.  *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

**IV.**    *Other claims*

Plaintiff also asserts claims under the New Mexico Human Rights Act and the Jicarilla Apache Constitution.  Neither of these is a source of federal jurisdiction.  *Sac & Fox Tribe v. Bureau of Indian Affairs*, 439 F.3d 832 (8th Cir. 2006) (jurisdiction to interpret tribal constitution lies with the tribal, not federal, court).

**V.**    *Sovereign immunity*

Even if any of the three federal statutes relied on by Plaintiff provided this Court a basis for federal jurisdiction, however, this Court would only review the tribal court's decision as to its jurisdiction.  In spite of the unique proceedings in the trial court, Plaintiff was ultimately satisfied with that court's jurisdiction and decision.  Plaintiff makes no claim the Jicarilla Court of Appeals lacked jurisdiction to review the tribal trial court.  It is only the Court of Appeals' decision on sovereign immunity, depriving Plaintiff of her trial court victory, she challenges.  "[U]nless the district court finds the tribal court lacked jurisdiction or withholds comity for some other valid reason, it must enforce the tribal court judgment without reconsidering issues decided by the tribal court."  *Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006).

The JAHA, as a sovereign, enjoys common law immunity from suit.  Unless a tribe has clearly waived its immunity or Congress expressly abrogated that immunity by authorizing suit, a suit against an Indian tribe is barred.  *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991) (recognizing tribal immunity from suit over taxation of cigarette sales); *Ordinance 59 Ass'n v. Babbitt*, 970 F. Supp. 914 (D. Wyo. 1997) (same).  Tribal agencies, and specifically tribal housing authorities, are generally imbued with

4

this immunity. *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 29 (1st Cir. 2000) ("The Authority, as an arm of the Tribe, enjoys the full extent of the Tribe's sovereign immunity"); *Dillon v. Yankton Sioux Tribe Hous. Auth.*, 144 F.3d 581, 583-4 (8th Cir. 1998) (same); *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668 (8th Cir. 1986) (same). It is true sovereign immunity may leave Plaintiff without legal redress on her employment discrimination claims. This is, however, not unprecedented. *See Alden v. Maine*, 527 U.S. 706, 757 (1999). Here, it would seem that the Jicarilla Court both had jurisdiction as well as adequate legal support for its decision on sovereign immunity. *Burrell*.


**O R D E R**

For the above stated reasons, Defendant's *Motion to Dismiss* is GRANTED, and this action is DISMISSED with prejudice.


SO ORDERED this 2$^d$ day of February, 2007.

BRUCE D. BLACK
United States District Judge


For Plaintiff:
Gregory L. Biehler, Patricia A. Padrino, BEALL & BIEHLER, Albuquerque, NM

For Defendant:
Catherine Baker Stetson, Albuquerque, NM